BARKETT, Circuit Judge,
concurring:
I concur in the majority’s opinion and write separately only to voice my agreement with Justice Stevens’s recognition in Harris v. Alabama, 513 U.S. 504, 115 S.Ct. 1031, 130 L.Ed.2d 1004 (1995), of the perversity of Alabama’s judicial override system in capital sentencing. As Justice Stevens noted, Alabama is one of the four states that allow judicial override of a jury’s recommendation of a life sentence. See Harris, 513 U.S. at 515-16, 115 S.Ct. 1031 (Stevens, J., dissenting). Even though the majority of jurors in Roberts’s case recommended that he receive a life sentence, Alabama’s capital sentencing regime permitted the judge to reject, without any guiding standard, that recommendation in favor of a sentence of death, which is what the judge in this case did.
The practical consequence of Alabama’s system is exactly as Justice Stevens described:
The defendant’s life is twice put in jeopardy, once before the jury and again in the repeat performance before a different, and likely less sympathetic, decisionmaker. A scheme that we assumed would provide capital defendants with more, rather than less, judicial protection, has perversely devolved into a procedure that requires the defendant to stave off a death sentence at each of two de novo sentencing hearings.
Id. at 521, 115 S.Ct. 1031 (internal citation, quotation marks and alteration omitted). Moreover, because the sentencing decision of the first decisionmaker- — i.e., a presumed reasonable jury — can be ignored without any limiting principles in favor of a sentence of death by the second decision-maker, I question whether it can be deemed constitutional.